**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------x
UNITED STATES OF AMERICA    FILED    JUDGMENT INCLUDING SENTENCE
            -v-          IN CLERK'S OFFICE   UNDER THE SENTENCING REFORM ACT
                       U.S. DISTRICT COURT, E.D.N.Y.
CARVIN SKIDMORE            ★ APR 07 2006 ★   CASE NUMBER:CR-02-891 (ARR)
-------------------------           ★ SAM A. SCHMIDT, ESQ
                                      111 BROADWAY, 13th FLOOR.
                       BROOKLYN OFFICE NEW YORK, NEW YORK 10006
                                      Defendant's Attorney & Address

THE DEFENDANT:
<u>XXX</u>    pleaded guilty to count one of the superseding indictment.
____    was found guilty on counts                    after a plea of not guilty.
    Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the
following offenses:

| <u>TITLE & SECTION</u> | <u>NATURE & OFFENSE</u> | <u>COUNT NUMBER(S)</u> |
|---|---|---|
| 21 USC 846 & | CONSPIRACY TO DISTRIBUTE | ONE (1) |
| 841(b)(1)(A) | & POSSESS WITH INTENT TO DISTRIBUTE HEROIN. | |

The defendant is sentenced as provided in pages 2 through     of this Judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

____    The defendant has been found not guilty on count(s)          and is discharged as
        to such count(s).
<u>XXX</u>    Remaining counts are dismissed on the motion of the United States.
<u>XXX</u>    It is ordered that the defendant shall pay to the United States a special
        assessment of $100.00 which shall be due <u>XXX</u> immediately ___ as follows:

It is further ORDERED that the defendant shall notify the United States Attorney for this
district within 30 days of any change of residence or mailing address until all fines,
restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec #._____ ____          _____ APRIL 5, 2006 _____
                                              Date of Imposition of Sentence
Defendant's Date of Birth 10/8/79

Defendant's Mailing Address:                  _____
                                              AILYNE A. ROSS, U.S.D.J.
1410 NEW YORK AVENUE, APT. 3B                 _____ APRIL 5, 2006 _____
                                                            Date
BROOKLYN, NEW YORK 11210

Defendant's Residence Address:                    A TRUE COPY ATTEST
                                              Date:_____
_____ ( SAME AS ABOVE ) _____                ROBERT C. HEINEMANN
                                                    CLERK OF COURT
_____
                                              By:_____

                                                      DEPUTY CLERK



### PROBATION

The defendant is hereby placed on probation for a term of five (5) years .

While on probation, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this Judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution. The defendant shall comply with the following additional conditions:

1) Deft shall participate in substance abuse treatment with a treatment provider selected by the probation department. Treatment may include outpatient or residential treatment as determined by the probation department. Deft shall abstain from all illegal substances and/or alcohol. Deft shall contribute to the cost of services rendered via co-payment or full payment in an amount to be determined by the probation department, based upon the deft's ability to pay and/or the availability of third party payment.

2) Deft shall submit his person, residence, place of business, vehicle or any other premises under his control to a search upon request, by the U.S. Probation Department; such request being made on  REASONABLE SUSPICION that contraband or evidence of a violation of a condition of supervision may be found – and pursuant  to the formal policy of the U.S. Probation Department. The search is only to be conducted at a time and in a manner reasonable under the circumstances. Failure by the deft to submit to a search may be grounds for revocation; and the deft shall inform any other residents that the premises may be search pursuant to this condition.

3) Deft shall not possess any firearms.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

## FINE WITH SPECIAL ASSESSMENT

The defendant shall pay to the United States the sum of $ 100.00 , consisting of a fine of $ N/A and a special assessment of $ 100.00 .

___  These amounts are the totals of the fines and assessments imposed on individual counts, as follows:

This sum shall be paid ___ immediately
                      ___ as follows:

**XXX**  The Court has determined that the defendant does not have the ability to pay any fines, cost of confinement or supervision.

___  The interest requirement is waived.
___  The interest requirement is modified as follows:

### RESTITUTION, FORFEITURE, OR
### OTHER PROVISIONS OF THE JUDGMENT

XXXXX       IT IS RECOMMENDED THAT THE DIVISION OF PAROLE GRANT THE CERTIFICATE OF
            DISABILITIES, AT LEAST INSOFAR AS IT PERMITS THE DEFT TO CONTINUE HIS
            EMPLOYMENT AS AN UNARMED SECURITY GUARD.

16    THE COURT:  I think your letter was very detailed
17  and I appreciate it, Mr. Currie.

18          Let me say that under typical circumstances this is
19  not a case in which I would do what I'm about to do. As far as
20  I am concerned, simply cooperation would not earn you this
21  sentence, but I do think the way you spent the last few years
22  of your life and seemed to turn things around warrants it.  By
23  the same token, I warn you that you are going to be under my
24  supervision for a long time, so if you stray at all, I am not
25  hesitate to take some very severe action.

1     That said, and frankly I am very help hopeful, I
2  think what you've done thus far indicates, as Mr. Currie says,
3  and as your lawyer says, that you have turned your life around
4  and that's wonderful, but just please stay that way because
5  I'm going to be here for a long time, okay.

6     I will sentence you Mr. Skidmore, to five years
7  probation with special condition. Although I understand you
8  have probably resolved this on your own, I want to make sure,
9  so I am going to make a special condition. It is represented
10 by the probation department you accept any substance abuse
11 treatment that they recommend with a provider whom they
12 select, that may include outpatient or residential treatment,
13 that you abstain from all illegal substances and/or alcohol,
14 and contribute to the cost of services and medications by
15 co-payment or full payment in an amount determined by the
16 probation department  based on your ability to pay and/or the
17 availability of third-party payment. And I am also going to
18 impose a search condition that you submit your personal
19 residence, place of business, vehicle, or any other premises
20 under your control to a search on the basis that the probation
21 officer has reason to believe that contraband or evidence of
22 violation of the conditions of release may be found. And the
23 search, obviously, must be conducted in a reasonable manner
24 and reasonable time. Failure to submit to a search may be
25 grounds for revocation. The defendant shall inform any other

1  residents that the premises may be subject to search pursuant
2  to these conditions.
3          Obviously, I prohibit the possession of a firearm. I
4  make a finding that Mr . Skidmore is unable to pay a fine, but
5  I will impose the mandatory $100 special assessment.
6          Are there any outstanding charges?
7          MR. CURRIE:  Yes, we move to dismiss any open counts
8  in the underlying indictment.
9          THE COURT:  Motion granted.
10         MR. SCHMIDT:  I have do have a couple of
11 applications.
12         THE COURT:  Yes.
13         MR. SCHMIDT:  Mr . Skidmore presently has a New York
14 State license that permits him to be an unarmed security
15 guard.  By this conviction he is automatically going to have
16 that license suspended -- and we've discussed it for the
17 preparation and submission of the application for relief for
18 civil disabilities to allow him to have the license restored,
19 so he can go back to work where he has been working basically
20 for the last four years.
21         First, I would ask that I be permitted to provide a
22 copy of the relevant portions of the presentence report to the
23 New York State Division of Parole. Basically what I have done
24 in preparation of that I have separated the report for the
25 portion that just involves Mr. Skidmore, the beginning portion

1   of this short description of the events, Mr. Skidmore's role

2   in the events. I have redacted any specific mention of any

3   other particular party whose nickname might still be there.

4            THE COURT:  Let me just ask you this, do you have

5   any objection to that, Mr. Currie?

6            MR. CURRIE:  No, not so far, Your Honor.

7            THE COURT:  Would you like to see the redacted copy?

8            MR. CURRIE:  Yes, I think it would be helpful.

9            (Mr. Schmidt handing to Mr. Currie)

10           MR. SCHMIDT:  Second, Your Honor, since even prior

11  to Mr . Skidmore's arrest he began his rehabilitative efforts

12  on his own and the arrest certainly shook him and made those

13  beginnings into what appears to be a completion of his

14  rehabilitative efforts. I think perhaps the most significant

15  evidence that I could say would be that he had present

16  marijuana in his blood when he was arrested and not once since

17  that time.

18           THE COURT:  I understand that was a very substantial

19  contributing factor.  The sentence he just got is based on my

20  experience with people.

21           MR. SCHMIDT:  He has, I think, proved both certainly

22  to his employer and I think to the government, and hopefully,

23  to Your Honor that he is a person who can continue to work as

24  a licensed unarmed security guard.  I ask Your Honor to

25  consider making a recommendation as part of the judgment and

1  commitment order to recommend that City of New York State

2  Division of Parole do issue a certificate of relief from that

3  would allow him to continue or return to his employment.

4        THE COURT:  Do you take a position on that?

5        MR. CURRIE:  We don't take a position.  We have no

6  objection. We leave it to the Court's discretion whether that

7  is appropriate.

8        THE COURT:  I don't know what other implications

9  flow from that certificate, apart from permitting him to

10 continue. I am assuming it is always going to be unarmed,

11 right?

12       MR. SCHMIDT:  Yes.

13       THE COURT: I never want Mr. Skidmore with a gun, but

14 beyond that I am not sure what the consequences of granting

15 such a certificate are.

16       MR. SCHMIDT:  Your Honor, the division of parole is

17 going to make their own determination of what disabilities

18 that Mr. Skidmore is going to be relieved of. There's a

19 provision in the certificate that indicates that. I'm not

20 asking for Your Honor to make a decision on anything else.

21       THE COURT:  I can make a recommendation that the

22 division of parole grant the certificate, at least insofar as

23 it permits him to continue his employment.  I will make that

24 recommendation.

25       MR. SCHMIDT:  Thank you, Your Honor.

1        Your Honor, can make that part of the judgment of

2   commitment or the order.

3        THE COURT:  Yes.

4        MR. SCHMIDT:  Terrific.

5        THE COURT:  Mr. Skidmore, there are circumstances in

6   which a defendant may appeal his sentence. I don't know that

7   you wish to but you discuss that with Mr. Schmidt. If you

8   choose to appeal, a notice of appeal must be filed within ten

9   days. An attorney would represent you.

10        MR. CURRIE:  Thank you, Your Honor.

11        (Whereupon, these proceedings were concluded as

12   above set forth)

13                     oOo

14

15

16

17

18

19

20

21

22

23

24

25